IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **HEATHER MCCLAINE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 23-cv-1168-DWD |
| | ) |
| **DX ENTERPRISES, INC.,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

In this putative class action, Plaintiff Heather McClain, on behalf of herself and all other persons similarly situated, seek relief against Defendant DX Enterprises, Inc. pursuant to the Illinois Biometric Information Privacy Act, 740 Ill. Comp. Stat. Ann. 14/1, *et seq.* ("BIPA"). Now before the Court are Defendant's Motion to Dismiss (Doc. 20) and Motion to Stay Proceedings (Doc. 21).

On May 5, 2023, Defendant DX Enterprises, Inc. filed a Motion to Dismiss Plaintiff's Class Action Complaint pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 20). On May 24, 2023, Plaintiff filed her First Amended Class Action Complaint (Doc. 22). Fed. R. Civ. P. 15(a)(1)(B) permits a party to amend their pleading once as a matter of course within 21 days after service of a motion under Rule 12(b). As Plaintiff's filing of her Amended Complaint appears to comply with this section, Defendant's Motion to Dismiss is no longer directed at the operative complaint and is therefore **DENIED, as moot, and without prejudice**.

1

Further, Defendant's Motion to Stay Proceedings (Doc. 21) is **DENIED**. District courts have broad discretion to control discovery, including the power to issue a stay in appropriate circumstances. *See e.g.*, *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *Roberts v. Graphic Packaging Int'l, LLC*, No. 21-CV-750-DWD, 2021 WL 3634172, at *1 (S.D. Ill. Aug. 17, 2021) (district courts have inherent power to exercise discretion to stay proceedings and avoid unnecessary litigation of the same issues). Defendant, as the movant, bears the burden of proof to show that a stay is justified. *See Cloverleaf Golf Course, Inc. v. FMC Corp.*, No. 11-CV-190-DRH, 2011 WL 2838178, at *2 (S.D. Ill. July 15, 2011). Further, "a stay of discovery is generally only appropriate when a party raises a potentially dispositive threshold issue" *Id.* When deciding whether to grant a stay, courts "balance the competing interests of the parties and the interest of the judicial system" by considering the following three factors: (1) whether a stay will simplify the issues in question and streamline the trial; (2) whether a stay will reduce the burden of litigation on the parties and on the court; and (3) whether a stay will unduly prejudice or tactically disadvantage the non-moving party." *Roberts*, 2021 WL 3634172.

Here, Defendant argues that a stay of proceedings is appropriate while the Illinois Supreme Court considers a request for rehearing in the case *Cothron v. White Castle System, Inc.* (Illinois Supreme Court No. 20-3202). In *Cothron*, the Illinois Supreme Court resolved the question of when claims accrue under Sections 15(b) and 15(d). *See Cothron v. White Castle Sys., Inc.*, 2023 IL 128004, ¶ 39. Although the Court is mindful that the pending petition for rehearing means the *Cothron* decision is not yet final, and is subject to modification, *see, e.g.*, *People v. Brown*, 204 Ill. 2d 422, 425 (2002), the Court **FINDS** that

that the competing interests of the parties and the judicial system do not warrant a stay of proceedings at this time. Indeed, as Defendant correctly notes, this case is still in its initial pleading stage. While a rehearing decision in *Cothron* may ultimately impact questions of scope and damages in this matter, at this junction the Court observes no particular circumstances which would justify a stay at this time. Nor has Defendant sufficiently indicated the precise threshold issue or discovery burden it seeks to mitigate by a stay. Thus, the Court refuses to issue a stay based upon speculation of harm. *See, e.g.*, *Cloverleaf Golf Course, Inc.*, 2011 WL 2838178. Defendant may, however, renew its request in the future as the case progresses and if appropriate circumstances exist to justify a stay.

**SO ORDERED.**

Dated: May 30, 2023         */s David W. Dugan*

                            _____
                            DAVID W. DUGAN
                            United States District Judge