IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS

| | |
|---|---|
| HEATHER MCCLAINE, on behalf of herself and all other persons similarly situated, known and unknown, | )<br>)<br>)<br>) |
| Plaintiff, | ) Case No. 3:23-cv-01168-DWD |
| v. | ) Hon. David W. Dugan |
| DX ENTERPRISES, INC. f/k/a DX ENTERPRISES, LLC d/b/a DXE, d/b/a GCQA, LLC, | )<br>)<br>)<br>) |
| Defendant. | ) |

## FINAL APPROVAL ORDER

This matter comes before this Court on Plaintiff Heather McClaine's ("Plaintiff" or "McClaine") Motion for Final Approval of Class Action Settlement (the "Motion"). This Court, having considered the Motion, the Settlement Agreement, supporting documentation, and the proceedings to date, including the preliminary approval granted on January 7, 2025, and having held a Final Approval Hearing on March 26, 2025, finds that due and adequate notice has been given to the Settlement Class as required in this Court's Preliminary Approval Order.

The Court has reviewed all papers filed in connection with the Settlement, including the memoranda and declarations in support of final settlement approval, attorney's fees and costs, and the Class Representative service award. After careful consideration of these materials and the arguments presented at the Final Approval Hearing and having found that the Settlement Agreement was negotiated at arm's length between October 5, 2023 and March 5, 2024, and into September 2024, the Court now enters the following Order granting final approval of the settlement.

1. This Court has jurisdiction over the subject matter of the action and personal jurisdiction over all parties to the action, including all Settlement Class Members.

2. The Court preliminarily approved the Settlement Agreement by Preliminary Approval Order dated January 7, 2025. At that time, the Court preliminarily certified a settlement class of the following individuals:

> All individuals whose biometric identifiers or biometric information were collected, captured, received, or otherwise obtained and/or stored by DX Enterprises, Inc. in Illinois during the period from February 27, 2018 through January 7, 2025 ("Settlement Class" or "Settlement Class Members"). The Settlement Class includes 586 members, including a subclass of 86 members who were rehired by Defendant during the Class Period.

ECF No. 57.

3. With respect to the Settlement Class, this Court finds, for settlement purposes only, that: (a) the Settlement Class defined above is so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Settlement Class, and those common questions predominate over any questions affecting only individual members; (c) the Class Representative and Class Counsel (The Garfinkel Group, LLC) have fairly and adequately protected, and will continue to fairly and adequately protect the interests of the Settlement Class; and (d) certification of the Settlement Class is an appropriate method for the fair and efficient adjudication of this controversy.

4. This Court finds that the Settlement Class Members are readily ascertainable based on Defendant's records and the Court's review of the Settlement Administrator's declaration regarding the notice process, which successfully reached the vast majority of the 586 class members, with only 46 notices ultimately undeliverable after skip-tracing efforts.

5. The Court finds that the Notice given to Settlement Class Members, in accordance with the Preliminary Approval Order dated January 7, 2025, fully and accurately informed Settlement Class Members of all material elements of the Settlement and constituted the best notice practicable under the circumstances. The Notice was reasonably calculated to apprise the Settlement Class of the

pendency of the Action, their rights to object to or exclude themselves from the Settlement Class, and their right to appear at the Final Approval Hearing. The Notice program, which included First-Class Mail notice to all 586 class members, with successful skip-tracing efforts resulting in only 46 ultimately undeliverable notices, was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice, fully satisfying the requirements of Federal Rule of Civil Procedure 23 and Due Process.

6. Based on the papers filed with this Court and the presentations made at the Final Approval Hearing on March 26, 2025, at which time all interested persons were afforded the opportunity to be heard in support of and in opposition to the Settlement, the Court finds that the Settlement Agreement is fair, adequate, reasonable, and was entered into in good faith. The settlement is in the best interests of the Settlement Class considering the complexity of the litigation, the significant risks of continued litigation, and the likely duration of further litigation. The Court notes that the Settlement Agreement was reached after extensive arms-length negotiations between October 5, 2023 and March 5, 2024, which continued into September 2024, and conducted by experienced counsel who were thoroughly familiar with the legal and factual issues of this case.

7. The Court finds that the consideration to be paid to Settlement Class Members, consisting of a total Settlement Fund of $1,519,796.84 (including $1,432,617.64 for the Class Fund providing $2,444.74 per member, and $87,179.20 for the Subclass Fund), is reasonable and adequate. This finding is supported by, among other things: the immediate benefits to the Settlement Class Members; the fact that only 2 class members opted out and no objections were filed; and the effectiveness of the notice program in reaching the vast majority of class members. The complex legal and factual posture of the Action, including multiple BIPA violation claims, and the fact that the Settlement Agreement resulted from extensive negotiations between experienced counsel, further support this finding.

8. This Court hereby confirms the appointment of Heather McClaine as Class Representative of the Settlement Class. The Court finds that Ms. McClaine has adequately represented the interests of the Settlement Class throughout this litigation and settlement process.

9. This Court hereby confirms the appointment of The Garfinkel Group, LLC, as Class Counsel. The Court finds that Class Counsel, particularly through the representation of Max Barack, has demonstrated extensive experience in class action litigation and has vigorously and competently represented the Settlement Class throughout this litigation. Class Counsel's contact information is as follows:

> The Garfinkel Group, LLC
> Max Barack
> 701 N. Milwaukee Avenue
> The CIVITAS
> Chicago, IL 60659
> Phone: (312) 736-7991
> Email: max@garfinkelgroup.com

10. This Court finds that both the Class Representative and Class Counsel have fairly and adequately protected the interests of the Settlement Class throughout the litigation and settlement negotiations, which took place from October 5, 2023 through March 5, 2024, and will continue to do so through the settlement implementation process.

11. The Court hereby orders the Parties to perform their obligations under the Settlement Agreement. The parties and Settlement Class Members are bound by the terms and conditions of the Settlement Agreement. The Settlement Administrator, Simpluris, shall distribute the Settlement Fund as follows:

> a) Attorney's fees in the amount of $532,929.89 (35% of the Settlement Fund) and litigation costs of $666.97 shall be paid to Class Counsel within twenty-one (21) days of the Effective Date;

        b) The Class Representative service award of $15,000 shall be paid to Heather McClaine within twenty-one (21) days of the Effective Date;

        c) Settlement administration costs, not to exceed $15,000, shall be paid to Simpluris;

        d) Individual settlement payments from the Class Fund ($1,432,617.64) shall be distributed to Settlement Class Members in the amount of $2,444.74 per member, and payments from the Subclass Fund ($87,179.20) shall be distributed to eligible Subclass Members, within fourteen (14) days of the Effective Date.

12.     The Settlement Administrator shall issue reminder notices to Settlement Class Members who have not cashed their settlement checks 60 days and again 30 days before the check void date. Any settlement checks that remain uncashed after 180 days from the date of issuance shall become void, and such funds shall be returned to Defendant.

13.     The Court dismisses the Action with prejudice and without costs (except as otherwise provided herein and in the Settlement Agreement).

14.     Upon the Effective Date and in consideration of the payment of the Settlement Fund and the releases, agreement, and covenants contained in the Settlement Agreement, the Settlement Class Members who did not opt out shall release, relinquish, and give up any and all potential, filed, unfiled, known or unknown claims, suits, actions, controversies, demands, and/or causes of action arising out of or related to the allegations set forth in the pleadings in this Action, including those arising under the BIPA and any similar law that were brought or could have been brought in the Action.

15.     The Court finally approves the Release of Claims provided in the Settlement Agreement. Upon the Effective Date, the Releasors shall be deemed to have released, and by operation of this Final Approval Order shall have fully, finally, and forever released, acquitted, relinquished, and completely discharged any and all released claims against the Released Parties.

16. The Parties, without further approval from this Court, may agree to and adopt such amendments, modifications, and expansions of the Settlement Agreement and its implementing documents (including all exhibits thereto) that: (i) are consistent in all material respects with this Final Approval Order; and (ii) do not limit the rights of Settlement Class Members.

14. Without affecting the finality of this Final Approval Order for purposes of appeal, the Court retains jurisdiction over all matters relating to the administration, consummation, enforcement, and interpretation of the Settlement Agreement and this Final Approval Order. The Court specifically retains jurisdiction to: (a) enforce the Settlement Agreement and Final Approval Order; (b) resolve any disputes concerning settlement claims or settlement payments; (c) address settlement payment issues, including the disposition of unclaimed funds; (d) enforce the release and covenant not to sue provisions of the Settlement Agreement; and (e) address such other matters as may be appropriate under the Settlement Agreement or Final Approval Order.

Entered: April 15, 2025

_____
Hon. Judge David W. Dugan